# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DANIELE EDWARD TASCHNER,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:14-cv-1622-Orl-22DAB**

**FREEMAN DECORATING SERVICES,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**　**APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**　October 6, 2014
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED AND THE COMPLAINT BE DISMISSED** without prejudice.

    Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a).  Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).  The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2).  A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*,

817 F.2d 737, 739 (11th Cir. 1987)).  To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).  Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court.  *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark,* 915 F.2d at 639 (internal citation omitted).  Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

In evaluating a complaint under Section 1915, a document filed *pro se* is to be liberally construed.  *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007). Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal,* 556 U.S.662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.  A pleading

is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic*, 550 U.S. 544, 555.

Applied here, the "Complaint" is not a model of clarity. Plaintiff has filed an incomplete *pro se* form Complaint (Doc. 1, p. 1); a three page, one paragraph long narrative (Doc. 1, pp. 11-13); a right to sue determination from the EEOC which fails to identify the nature of the claim(s) (Doc. 1, p. 3); and various pieces of correspondence. As best the Court can tell, it appears that Plaintiff is suing "Freeman Decorating Services"[1] for "sexual discrimination, intimidation, and harassment"(Doc. 1, p. 1) related to past employment. Plaintiff alleges that she[2] is a "male transgendered" and was "treated as an outcast by supervisors talked about behind my back, truck trailers painted with anti-gay slogans." The company "fired [Plaintiff] by letter . . . of false positive for drugs due to [Plaintiff's] hormone remedy." The company mandated an "SAP evaluation" and counseling, and Plaintiff avers that she "finally spoke w/MRO" but it took five calls in a week and a half to get her file found to even speak to an MRO.[3] She alleges she "passed a test to be released" and passed her driver's physical. She asserts that she "passed all, company just wanted me gone, they even hired another female to take my place before my program started and company was in slow period of year." Plaintiff asserts that she is "entitled to redress."

Construed liberally, it appears that Plaintiff is attempting to state a claim for sex discrimination and/or a hostile work environment under Title VII Civil Rights Act of 1964, as amended (42 U.S.C. §2000e-2(a)). Although Plaintiff includes the word "retaliation" in her papers, it is less clear whether she is attempting to plead a claim for retaliation, as well.

---

[1] Plaintiff has not set forth whether this is a corporation, partnership or other legal entity capable of being sued, or is merely a fictitious name for an otherwise unidentified person or business.

[2] As Plaintiff has not specified a pronoun preference, the Court refers to Plaintiff as "she" or "her" as that appears to be the gender Plaintiff is presenting.

[3] "MRO" is not identified.

Title VII of the 1964 Civil Rights Act makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Under the framework adopted by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), a plaintiff establishes a prima facie case of discrimination by showing: (1) he or she is a member of a protected class; (2) he was subjected to adverse employment action; (3) his employer treated similarly situated employees who are not members of the plaintiff's class more favorably; and (4) he was qualified for the job or job benefit at issue. *Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d 836, 842-843 (11th Cir. 2000). Although a complaint need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 997, 152 L.Ed.2d 1 (2002), it must still provide 'enough factual matter (taken as true) to suggest' intentional discrimination. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008), *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010) (addressing the effect of *Iqbal* and *Twombly* on the sufficiency of a Title VII hostile work environment claim). A complaint must contain sufficient factual allegations concerning each material element necessary to recover under a viable legal theory. *Fin. Sec. Assurance, Inc. v. Stephens, Inc.,* 500 F.3d 1276, 1282-83 (11th Cir. 2007).

Applied here, Plaintiff has not presented her claim(s) in such a way that the Court can evaluate whether they meet this standard. While the Complaint contains some allegations that might be intended to support a claim for discrimination, Plaintiff does not identify any particular claim but lumps all of her allegations together in one lengthy paragraph. As such, the Complaint is in violation of Federal Rule 10(b), which requires a party to state its claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," and to plead each claim in a separate count. Fed.

R. Civ. P. 10(b). Without knowing the exact claim Plaintiff is attempting to assert, the Court cannot determine whether she has adequately pled sufficient plausible allegations to support it. Additionally, the papers include various letters to unidentified persons and their purpose as attachments to the Complaint is unclear.  Moreover, the Complaint does not specify what relief is sought.  In sum, as pled, the Court cannot ascertain whether Plaintiff has pled sufficient factual allegations concerning the elements of any identified theory.

While Plaintiff may have a viable claim,[4] she has not stated it in this pleading. As this Complaint fails to state a cognizable claim within the limited jurisdiction of this court, it is therefore frivolous within the meaning of Section 1915. It is **respectfully recommended** that the motion be denied, the Complaint be dismissed, and Plaintiff be given an opportunity to file an Amended Complaint which states a cause of action and a renewed application to proceed in forma pauperis (or pay the filing fee), within 14 days of any Order adopting this recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 8, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy

---

[4] *See generally Glenn v. Brumby*, 663 F.3d 1312, 1317 (11th Cir. 2011) ("discrimination against a transgender individual because of her gender-nonconformity is sex discrimination").